Stephen P. Berzon (SBN 46540)
sberzon@altber.com
Stacey Leyton (SBN 203827)
sleyton@altber.com
P. Casey Pitts (SBN 262463)
cpitts@altber.com
Rebecca C. Lee (SBN 305119)
rlee@altber.com
Andrew Kushner (SBN 316035)
akushner@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Anthony R. Segall (SBN 101340)
asegall@rsglabor.com
Juhyung Harold Lee (SBN 315738)
hlee@rsglabor.com
ROTHNER, SEGALL &
  GREENSTONE
510 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

W. Stephen Cannon (*pro hac vice*)
scannon@constantinecannon.com
CONSTANTINE CANNON LLP
1001 Pennsylvania Ave, NW, Ste. 1300N
Washington, DC 20004
Telephone: (202) 204-3500
Facsimile: (202) 204-3501

Ethan E. Litwin (*pro hac vice*)
elitwin@constantinecannon.com
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

*Attorneys for Defendants and Counterclaimants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, *et al.*,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br><br>Defendants and Counterclaimants,<br><br>and PATRICIA CARR, *et al.*<br><br>Counterclaimants. | Case No.   2:19-cv-05465-AB-AFM<br><br>**DEFENDANTS' OPPOSITION TO DEPARTMENT OF JUSTICE'S REQUEST TO PARTICIPATE IN ORAL ARGUMENT**<br><br>Hearing Date: Dec. 6, 2019<br>Time:                10:00am<br>Courtroom:      7B<br>Judge:              Hon. André Birotte Jr. |

On November 26, 2019, the United States Department of Justice ("Department") filed a statement of interest related to the motion to dismiss filed by defendants Writers Guild of America West et al., which is currently scheduled for hearing on December 6, 2019. Dkt. 59. The Department then filed a request for leave to participate in the December 6 hearing. Dkt. 60 ("Req."). That request, which does not comply with this Court's rules for ex parte applications, should be denied.

Participation by amici at oral argument is the exception rather than the rule, and the Department's request identifies no reason why it should be permitted to participate on December 6. The Department asserts that it has a "significant interest" in the application of the labor exemptions to the antitrust laws but its statement does not identify any antitrust issue of any interest to the Department. Rather, the Department opines only on the Agencies' argument regarding the application of Rule 12 to the factual allegations in the Agencies' complaint—an issue on which the Department has no particular expertise. *See generally* Dkt. 57; *see also* Req. at 1 (Department's position is that "it is necessary for the Court to develop a factual record").

There are already several parties and attorneys who will be appearing in Friday's hearing, and the views of the Department's counsel are entitled to no particular deference in this case. The Department's statement of interest addresses the application of Rule 12, not the scope of federal antitrust law or the Clayton and Norris-LaGuardia Acts' labor exemptions. And even if the Department were purporting to construe those statutes, its litigation filing would be accorded no deference. *See, e.g.*, *In re Stock Exchanges Options Trading Antitrust Litigation*, 317 F.3d 134, 149 (2d Cir. 2003) (rejecting argument in antitrust case "that the district court was required to defer to the SEC and DOJ views, submitted to it as amici curiae"); *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 327 n.9 (5th Cir. 2018) ("agencies are not entitled to deference when they assert their statutory

interpretations solely through litigation briefs").[1]

DATED: December 2, 2019

Respectfully submitted,

Stephen P. Berzon
Stacey Leyton
P. Casey Pitts
Rebecca Lee
Andrew Kushner
ALTSHULER BERZON LLP

Anthony R. Segall
Juhyung Harold Lee
ROTHNER, SEGALL & GREENSTONE

W. Stephen Cannon
Ethan E. Litwin
CONSTANTINE CANNON LLP

*/s/ Stacey Leyton*
Stacey Leyton

*Attorneys for Defendants and Counterclaimants*

---

[1] Although an agency's interpretation of its own *regulations* offered in an amicus brief may in some circumstances be entitled to deference, that rule does not extend to agency interpretations of *statutes* offered in litigation filings. *See Northern Cal. River Watch v. Wilcox*, 633 F.3d 766, 780 (9th Cir. 2011).