1 | Steven A. Marenberg (101033)
2 | **PAUL HASTINGS LLP**
   | 1999 Avenue of the Stars, 27th Floor
3 | Los Angeles, California 90067

4 | D. Scott Carlton (239151)
   | **PAUL HASTINGS LLP**
5 | 515 South Flower Street, 25th Floor
   | Los Angeles, California 90071

6 | Adam Levin (156773)
7 | Jeremy Mittman (248854)
   | **MITCHELL SILBERBERG & KNUPP**
   | **LLP**
8 | 2049 Century Park E., 18th Floor
   | Los Angeles, CA 90067
9 |
10 | Attorneys for Plaintiff/Counterclaim-
   | Defendant
11 | UNITED TALENT AGENCY, LLC

12 | Jeffrey L. Kessler (*pro hac vice*)
   | David L. Greenspan (*pro hac vice*)
13 | **WINSTON & STRAWN LLP**
   | 200 Park Avenue
14 | New York, NY 10166-4193

Diana Hughes Leiden (267606)
Shawn Obi (288088)
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

Attorneys for Plaintiff/Counterclaim-
Defendant
WILLIAM MORRIS ENDEAVOR
ENTERTAINMENT, LLC

Richard B. Kendall (90072)
Patrick J. Somers (318766)
Nicholas F. Daum (236155)
**KENDALL BRILL & KELLY LLP**
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067

Attorneys for Plaintiff/Counterclaim-
Defendant
CREATIVE ARTISTS AGENCY, LLC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, CREATIVE ARTISTS AGENCY, LLC and UNITED TALENT AGENCY, LLC, <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> WRITERS GUILD OF AMERICA, WEST, INC. and WRITERS GUILD OF AMERICA, EAST, INC., <br><br> Defendants and Counterclaimants, <br><br> and PATRICIA CARR, *et al*., <br><br> Counterclaimants. | Case No. 2:19-cv-05465-AB-AFM <br><br> **PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LIMITED STAY OF DISCOVERY PENDING RESOLUTION OF PLAINTIFFS' AND COUNTERCLAIM-DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIMS** <br><br> Date:     May 8, 2020 <br> Time:     10:00 a.m. <br> Courtroom: 7B |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

**TO DEFENDANTS AND COUNTERCLAIMANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on the 8th of May, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7B of this Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs and Counterclaim-Defendants William Morris Endeavor Entertainment, LLC ("WME"), Creative Artists Agency, LLC ("CAA") and United Talent Agency, LLC ("UTA") (collectively, the "Agencies"), will and hereby do move this Court for an order staying certain discovery propounded by Defendants and Counterclaimants Writers Guild of America, West, Inc. ("WGAW") and Writers Guild of America, East, Inc. ("WGAE," collectively with WGAW, the "Guilds" or "WGA") and Counterclaimants Patricia Carr, Ashley Gable, Barbara Hall, Deric A. Hughes, Deirdre Mangan, David Simon and Meredith Stiehm (collectively with WGA, "Counterclaimants") that relates exclusively to the Counterclaims.

This motion concerns 16 out of the approximately 80 document requests propounded by Counterclaimants to each of WME, CAA and UTA. These requests relate solely to the Counterclaims, which the Agencies moved to dismiss (the "Motion to Dismiss" (Dkt. 54)). The Agencies seek to stay discovery as to these few requests until the Court decides the Motion to Dismiss, which might pretermit this discovery. The Agencies respectfully submit that the interests of judicial economy and fairness favor temporarily staying this small fraction of Counterclaimants' document requests while the balance of Counterclaimants' discovery continues.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion and Declaration of David L. Greenspan filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on February 3 and February 11, 2020, and subsequent

conversations and written correspondence, including on February 18, 21, 24, and March 25, 27, 30, and April 1.

The Agencies respectfully request that the Court grant this motion and stay Counterclaimants' Requests for Production Nos. 5, 10, 16, 17, 18, 36, 37, 38, 39, 40, 45, 46, 47, 48, 51 and 52 directed to WME, CAA, and UTA, until such time that the Court rules upon the Agencies' Motion to Dismiss the Counterclaims.


Dated:  April 1, 2020                           WINSTON & STRAWN LLP


                                                By:  /s/ Jeffrey L. Kessler
                                                    Jeffrey L. Kessler
                                                    jkessler@winston.com
                                                    David L. Greenspan
                                                    dgreenspan@winston.com
                                                    200 Park Avenue
                                                    New York, NY 10166-4193
                                                    Telephone: 212-294-6700
                                                    Facsimile: 212-294-4700

                                                    Diana Hughes Leiden (267606)
                                                    dhleiden@winston.com
                                                    Shawn R. Obi (288088)
                                                    sobi@winston.com
                                                    333 South Grand Avenue, 38th Floor
                                                    Los Angeles, CA  90071-1543
                                                    Telephone:    213-615-1700
                                                    Facsimile:    213-615-1750

                                                    Attorneys for Plaintiff/Counterclaim-
                                                    Defendant
                                                    WILLIAM MORRIS ENDEAVOR
                                                    ENTERTAINMENT, LLC


Dated: April 1, 2020                            PAUL HASTINGS LLP
                                                MITCHELL SILBERBERG & KNUPP LLP


                                                By:  /s/ Steven A. Marenberg
                                                    Steven A. Marenberg (101033)
                                                    stevenmarenberg@paulhastings.com
                                                    1999 Avenue of the Stars, 27th Floor
                                                    Los Angeles, California 90067
                                                    Telephone: (310) 620-5700
                                                    Facsimile: (310) 620-5899

1
2
3
4

D. Scott Carlton (239151)
scottcarlton@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California 90071
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

5
6
7
8
9

Adam Levin (156773)
axl@msk.com
Jeremy Mittman (248854)
j2m@msk.com
Jean Pierre Nogues (84445)
jpn@msk.com
2049 Century Park E., 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

10
11

Attorneys for Plaintiff/Counterclaim-
Defendant
UNITED TALENT AGENCY, LLC

12
13

DATED:  April 1, 2020

KENDALL BRILL & KELLY LLP

14
15
16
17
18
19
20

By: */s/ Richard B. Kendall*
Richard B. Kendall (90072)
rkendall@kbkfirm.com
Patrick J. Somers (318766)
psomers@kbkfirm.com
Nicholas F. Daum (236155)
ndaum@kbkfirm.com
Sarah E. Moses (291491)
smoses@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

21
22

Attorneys for Plaintiff /Counterclaim-
Defendant
CREATIVE ARTISTS AGENCY, LLC

23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Motion concerns just 16 out of the approximately 80 document requests served by Counterclaimants on each of WME, CAA, and UTA. The Agencies seek to temporarily stay their obligations to respond to these requests until the Agencies' Motion to Dismiss the Counterclaims, which is *sub judice*, is decided by the Court. The Agencies submit that the Court's pending decision may pretermit this discovery. Meanwhile, work on the balance of Counterclaimants' discovery requests proceeds.

The Agencies do not purport to speak for the Court's intended disposition of their Motion to Dismiss the Counterclaims. That said, the Agencies respectfully submit that any reasonable observer of the colloquoy at the January 24th hearing would conclude that, at a bare minimum, there is a "clear possibility" that some or all of the Counterclaims will be dismissed. While the parties await the Court's decision, Counterclaimants are pressing the Agencies to respond to each of the 80 discrete document requests that they propounded. Putting aside the propriety of individual requests (which is the subject of extensive meet-and-confer discussions among the parties), Counterclaimants' insistence that *all* of their document requests proceed before the Motion to Dismiss is decided, and thus before the parties know what (if anything) remains of the Counterclaims, presents an important issue of case management. The 16 document requests at issue here exclusively concern Counterclaims that might well be dismissed in the near future. For example, Counterclaimants' requests for every inter-agency communication dating back to 1999, and requests seeking virtually anything-and-everything relating to the Agencies' dealings with the Association of Talent Agents ("ATA"), relate exclusively to their price-fixing and group boycott Counterclaims, respectively. Because it would be extremely burdensome for the Agencies to search for, gather, review, and produce such documents, because disputes concerning these requests might require motion practice before the Magistrate, and because there is a "clear possibility" that the Counterclaims to which they purportedly relate will be

dismissed, the Agencies seek a limited and temporary stay of the 16 document requests at issue until the Court decides the Motion to Dismiss.  Counterclaimants will suffer no prejudice; the parties have plenty of other discovery to work on while waiting for the Court's decision.

## II.    BACKGROUND

On November 21, 2019, the Agencies served document requests relating to their antitrust challenge to Defendants' group boycott of talent agencies that engage in packaging or are affiliated with a content company.[1]  On January 6, 2020, the Court denied the Guilds' Motion to Dismiss the Agencies' claims.  Dkt. No. 70.  As such, the document requests that the Agencies served on the Guilds are indisputably ripe.

On December 20, 2019, Counterclaimants served approximately 80 document requests on each Agency.  Declaration of David L. Greenspan ("Greenspan Decl.") ₱ 3, **Exhibits A–C**.  Some of their requests concern the Agencies' affirmative claims, others arguably concern both the Agencies' claims and the Counterclaims, and yet other requests relate exclusively to the Counterclaims.

The subject matters of the Agencies' antitrust and secondary boycott claims and Defendants' Counterclaims are fundamentally different.  The Agencies' affirmative claims are, in essence, a challenge to *the Guilds'* prohibition on writers' freedom to choose whether to work with an agency that offers packaging services and/or affiliates with a content company.  By contrast, the Counterclaims are, at their core, a challenge to *the Agencies'* packaging practices.  In short, the Agencies' affirmative claims principally concern *the Guilds'* conduct, whereas the Counterclaims concern *the Agencies'* conduct.

On January 24, 2020, the Court heard oral argument on the Agencies' Motion to Dismiss the Counterclaims.  Greenspan Decl. ₱ 7, **Exhibit D**.  As described below, the

---

[1] CAA and UTA additionally served document requests concerning their secondary boycott claims.

2

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFFS' MOTION FOR LIMITED STAY OF DISCOVERY – CASE NO. 2:19-CV-05465-AB-AFM

1   Court explicitly questioned both the plausibility of the federal Counterclaims and the
2   Guilds' standing to pursue any claim at all.  The Court further pressed the parties on
3   whether, if the federal claims were dismissed, the Court should remand the state law
4   Counterclaims to Judge Highberger.

5          The parties have, for weeks, been engaged in extensive meet-and-confers
6   concerning their respective documents requests.  Greenspan Decl. ⁋ 9.  The Agencies
7   proposed that the parties agree to defer the document requests that relate solely to the
8   Counterclaims while the parties await the Court's decision on whether those claims will
9   proceed.  The parties disagreed as to which of Counterclaimants' 80 document requests
10  fall into this category, but as a compromise, agreed on February 25 to defer 16 requests
11  until March 20, with both sides reserving their rights about how to proceed with those
12  requests in the event that the Court still had not decided the Agencies' Motion to
13  Dismiss as of March 20.  *Id.* ¶ 10, **<u>Exhibit E</u>**.[2]  The Agencies specifically reserved the
14  right "to seek a stay" after the parties' agreement expired.  *Id.*¶ 12.

15         On March 25, Counterclaimants indicated their intention "to move forward with
16  those RFPs immediately."  *Id*. ¶ 13.  The Agencies responded that they continued to
17  believe it would be wasteful to work on the requests at issue before the Court rules, that
18  the Agencies had already compromised by agreeing to continue working on many
19  additional document requests that the Agencies believe relate principally or exclusively
20  to the Counterclaims, and that the Agencies would therefore seek the temporary and
21  limited discovery stay requested herein.  *Id.* ¶ 14.  Counterclaimants responded by
22  taking the position that the Agencies "must procure a protective order from the Court"
23  rather than seeking this temporary and limited discovery stay.  *Id.* ¶ 15.

24          Even though the Agencies believe that a stay might be justified for many more
25  than the document requests put at issue by this motion, the stay that the Agencies request

---

[2] The list of document requests that the parties previously agreed to stay is Counterclaimants' Requests for Production Nos. 5, 10, 16, 17, 18, 36, 37, 38, 39, 40, 45, 46, 47, 48, 51 and 52 directed to WME, CAA, and UTA.  *Id.*, Ex. E at 3.

is limited to just those 16 document requests included in their final attempt at compromise with Counterclaimants. The Agencies do, however, reserve their position that the Court's ruling on the *sub judice* Motion to Dismiss may moot or otherwise impact discovery that is not the subject of this stay motion.

## III.  LEGAL STANDARD

The Court is vested with broad discretion to stay discovery in a case while a dispositive motion is pending. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal.2001) (citing *Data Disc, Inc. v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280 (9th Cir. 1977)); *Dichter-Mad Family Partners, L.L.P. v. United States*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam) (district courts have broad discretion to manage discovery). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue an order forbidding or limiting discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The avoidance of undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c). Similarly, a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of threshold issue).

Federal courts in the Ninth Circuit generally consider whether the pending motion is dispositive of the entire case or of the issue at which discovery is directed, and whether the motion can be resolved absent further discovery in deciding whether to issue a stay. *See, e.g.*, *Church of Scientology v. IRS*, 991 F.2d 560, 563 (9th Cir. 1993). In deciding whether to stay discovery under Rule 26(c) pending a decision on a dispositive motion, the Court must first take a "peek" at that motion's merits. *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000). A stay of discovery is warranted if, for example, the Court determines that there is an "immediate and clear possibility" that the defendant's pending dispositive motion may succeed. *GTE*, 192 F.R.D. at 287 (S.D. Cal. 2000). "Clearly possible" means that the pending dispositive motion is "nearly below but does not necessarily exceed a 'fifty percent

4

1  chance of success.'" *Id.*

2  **IV.    ARGUMENT**

3     **A.    There Is At Least A "Clear Possibility" That The Counterclaims Will
         Be Dismissed**

4

5     At the hearing on the Agencies' Motion to Dismiss, the Court raised serious

6  concerns about the viability of the Counterclaims.  The Court's very first question asked

7  counsel to "assume, okay, that I–that somehow the [G]uilds don't have standing to bring

8  this antitrust claim."  Ex. D, Hr'g Tr. at 6:5–11.  This is no mere hypothetical because

9  "a union, in its capacity as bargaining representative, will frequently not be part of the

10 class the Sherman Act was designed to protect."  *Associated Gen. Contractors of Cal.*

11 *v. Cal. State Council of Carpenters*, 459 U.S. 519, 540 (1983).  And even as to the

12 individual Counterclaimants, in the Ninth Circuit, "[g]enerally, employees have been

13 denied standing where their injuries were merely derivative of that of the employer."

14 *Eagle v. Star-Kist Foods, Inc.*, 812 F.2d 538, 541 (9th Cir. 1987).

15    The Court also asked Counterclaimants' counsel several focused questions about

16 the "eerily similar" *Lenhoff* case, where the Ninth Circuit rejected the same allegations

17 of a "3-3-10" price-fixing packaging fee conspiracy that Defendants have asserted here,

18 *see* Dkt. No. 69 at 6-7 (discussing *Lenhoff v. United Talent Agency, Inc.*, 729 F. App'x

19 528 (9th Cir. 2018)), and questioned Counterclaimants' counsel at length about what

20 "specific factual allegations [] show that these [A]gencies actually conspired not to

21 bargain with the Guild[s]" to support the plausibility of the group boycott Counterclaim.

22 Ex. D, Hr'g Tr. at 33:9–14; 36:9–19.  As the Court put it, the Counterclaim allegations

23 seemed to simply suggest, "if anything, that people didn't want to negotiate," rather

24 than a conspiracy not to bargain.  *Id.* at 36:13–19.

25    As for the RICO Counterclaims, the Court indicated that it understood Section

26 302 of the Labor-Management Relations Act to have "been narrowly construed to apply

27 to payments made by employers in collective bargaining" and questioned how

28 Defendants' allegations "fit[] into … a RICO case" given that the Agencies are "not

5

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFFS' MOTION FOR LIMITED
STAY OF DISCOVERY – CASE NO. 2:19-CV-05465-AB-AFM

Union representatives." *See id.* at 39:9-17.  The Court also expressed its "concern[] that this is now viewed as criminal conduct, in essence, but it's been going on for 40 years and no one said anything about it…." *Id.* at 43:18-25; *id.* at 41:11-17 ("it just strikes me as odd to say this is a kickback or a bribe that everybody knew about from 1990 something until the present day").

Equally pertinent as the foregoing, the Court devoted substantial time at the hearing to questions it posed about whether to exercise supplemental jurisdiction over the Guilds' state law claims—questions that would only be reached if the federal antitrust and RICO claims were dismissed with prejudice. *Id.* at 19:4–12.

In sum, the strength of the Agencies' Motion to Dismiss and controlling authorities, coupled with the colloquy at the hearing, present, at the very least, a "clear possibility" that some or all of the Counterclaims will be dismissed.  *See, e.g.*, *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (granting motion to stay discovery pending the defendant's potentially dispositive motion to dismiss); *Al Otro Lado, Inc. v. Nielsen*, No. 317CV02366BASKSC, 2018 WL 679483, at *3 (S.D. Cal. Jan. 31, 2018) (granting motion to stay where the defendant's motion to dismiss "pose[d] strong arguments that present a 'clear possibility' the pending Motion might be granted by the District Court"); *Suarez v. Beard*, No. 15-CV-05756-HSG, 2016 WL 10674069, at *2 (N.D. Cal. Nov. 21, 2016) (granting motion to stay discovery pending outcome on motion to dismiss).

**B.   Defendants Seek Sweeping Discovery That Will Be Completely Irrelevant To This Litigation If The Counterclaims Are Dismissed**

The Agencies' antitrust claims that are moving forward center around *the Guilds'* group boycott, *i.e.*, their prohibition on writers having the choice to work with agencies that offer packaging services and affiliate with content companies.  Relevant subject matters include, for example, the Guilds' motives in orchestrating the boycott (*e.g.*, was the boycott motivated by legitimate union interests?), the Guilds' agreements with showrunners and lawyers and managers (e.g., do showrunners compete for wages with

6

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFFS' MOTION FOR LIMITED STAY OF DISCOVERY – CASE NO. 2:19-CV-05465-AB-AFM

other writers or are showrunners non-labor parties?), and the impact of the Guilds' boycott on business markets that they do not regulate (e.g., do the packaging and content affiliate bans affect non-writers?). *None* of the document requests that the Agencies seek to stay have anything at all to do with these subjects.

Nor are the Agencies even seeking to stay the vast majority of the document requests served on them, which in many instances attempt to examine each-and-every individual packaging transaction for multiple years—*e.g.*, "For the period January 1, 1999 to the present, all agreements and contracts between WME and any studio"[3]— despite Counterclaimants having argued that, because packaging transactions inherently and systematically present conflicts of interest, their Counterclaims do not present any individualized issues.[4] Nonetheless, the Agencies do *not* seek to stay requests about packaging deals because the Guilds have represented that such information is relevant to their defenses to the Agencies' affirmative claims.

The Counterclaims, however, stand in a very different posture. Counterclaimants' document requests concerning their putative package fee price-fixing and refusal-to-negotiate group boycott counterclaims are expansive in scope and do not relate at all to the Agencies' affirmative claims. For example[5]:

- "All Documents that reflect Communications with any other Talent Agency or the ATA discussing, concerning, regarding, or calculating (a) Base License Fee(s) or (b) Upfront License Fee(s)." (RFP 10 to WME);

- "All Documents discussing, describing, referring to, relating to, reflecting, or concerning any meeting or Communications between any employee,

---

[3] Greenspan Decl., Ex. A, RFP No. 7 to WME.

[4] The parties have been conferring extensively over the scope of Counterclaimants' other 64 document requests, and have made substantial progress towards resolving virtually all disputes.

[5] For ease of reference, the citations are to the requests for production ("RFPs") directed to WME, but the RFPs are substantively the same as to each of the three Agencies.

7

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFFS' MOTION FOR LIMITED STAY OF DISCOVERY – CASE NO. 2:19-CV-05465-AB-AFM

officer, or director/member of WME, on the one hand, and any other Talent Agency or any Person claiming to represent any other Talent Agency, on the other hand, regarding Packaging, Packaging Fees, Joint Packaging, the Code of Conduct, or the Guilds." (RFP 16 to WME);

- "From April 1, 1999 to the present, all Documents constituting, discussing, concerning, or reflecting any agreement or understanding between WME and any other Talent Agency regarding (i) 3-3-10; (ii) the calculation or setting of Packaging Fees; or (iii) the calculation or setting of Base License Fee(s)." (RFP 18 to WME);

- "All Documents reflecting Communications between WME and any other Talent Agency or between WME and ATA concerning the response of such Talent Agency or ATA, or between or among any member of ATA . . . concerning actions or positions to be taken by one or more Talent Agencies in response to [agencies agreeing to the Code of Conduct]." (RFP 36 to WME);

- "All Documents discussing, concerning, or reflecting the exchange of Competitively Sensitive Information among Talent Agencies, whether between individual Talent Agencies or by way of a third-party intermediary such as the ATA." (RFP 40 to WME);

- "All Documents between or among Talent Agencies, either directly or by way of a third-party such as the ATA, reflecting, concerning, or relating to WME's decision (including the concealment thereof) to assemble a Package or Joint Package based on the amount of Packaging Fees that WME would earn, rather than the fee that the Writer would earn." (RFP 45 to WME); and

- For "each" WME employee who (i) "has or had any direct or indirect" involvement in the "rates, prices, or any other terms or conditions for the provision of Talent Agency Services," *or* (ii) "attended any meetings of

8

1         the ATA," *or* (iii) "had any meeting or Communication relating to

2         Packaging with any present or former [personnel] of another Talent

3         Agency," their "diaries," "calendars," "appointment books," "[v]oice

4         mail," "e-mail," "text messages," travel records, expense reports,

5         telephone logs, phone bills, among *many* other documents. (RFP 51 to

6         WME.)

7         Meeting-and-conferring over these document requests might result in motion

8 practice before the Magistrate, and even if Counterclaimants were to agree to pare down

9 the requests, it would still present an enormous undertaking for the Agencies to begin

10 the process of searching for, collecting, reviewing, and producing responsive and non-

11 privileged documents. All of that work could, in short order, prove to have been

12 needless and ultimately wasted effort if the Counterclaims are dismissed. Staying the

13 16 document requests at issue for a short time until the Court rules on the Agencies'

14 Motion to Dismiss will serve the goal of efficiency for the Court and the parties. *See*

15 *Little*, 863 F.2d at 685.

16 **V.**    **CONCLUSION**

17         The Court's hearing on the Agencies' Motion to Dismiss the Counterclaims

18 demonstrated that there is, at the very least, a "clear possibility" that the Counterclaims

19 will be dismissed. And, as set forth above, a limited stay of discovery pending the result

20 of the Agencies' Motion to Dismiss would not affect the parties' ability to move forward

21 with discovery into the Agencies' claims that are definitively moving forward. On the

22 other hand, requiring the Agencies to address Counterclaimants' expansive and

23 numerous discovery requests relating to Counterclaims that may not survive the

24 pleadings stage would be both prejudicial to the Agencies and inefficient for the Court

25 and the parties. For each of these reasons, the Agencies respectfully request that the

26 Court temporarily stay the Agencies' obligations relating to document request numbers

27 5, 10, 16, 17, 18, 36, 37, 38, 39, 40, 45, 46, 47, 48, 51 and 52 of Counterclaimants' First

28 Set of Document Requests to WME, CAA and UTA pending the resolution of the

1    Agencies' Motion to Dismiss.

2

3    Dated:  April 1, 2020                    WINSTON & STRAWN LLP

4

5                                             By:  /s/ Jeffrey L. Kessler
                                                   Jeffrey L. Kessler
6                                                  jkessler@winston.com
                                                   David L. Greenspan
7                                                  dgreenspan@winston.com
                                                   200 Park Avenue
8                                                  New York, NY 10166-4193
                                                   Telephone: 212-294-6700
9                                                  Facsimile: 212-294-4700

10                                                 Diana Hughes Leiden (267606)
                                                   dhleiden@winston.com
11                                                 Shawn R. Obi (288088)
                                                   sobi@winston.com
12                                                 333 South Grand Avenue, 38th Floor
                                                   Los Angeles, CA  90071-1543
13                                                 Telephone: 213-615-1700
                                                   Facsimile: 213-615-1750

14                                                 Attorneys for Plaintiff/Counterclaim-
                                                   Defendant
15                                                 WILLIAM MORRIS ENDEAVOR
                                                   ENTERTAINMENT, LLC
16

17   Dated: April 1, 2020                     PAUL HASTINGS LLP
                                              MITCHELL SILBERBERG & KNUPP LLP
18

19                                            By:  /s/ Steven A. Marenberg
                                                   Steven A. Marenberg (101033)
20                                                 stevenmarenberg@paulhastings.com

21                                                 1999 Avenue of the Stars, 27th Floor
                                                   Los Angeles, California 90067
22                                                 Telephone: (310) 620-5700
                                                   Facsimile: (310) 620-5899
23
                                                   D. Scott Carlton (239151)
24                                                 scottcarlton@paulhastings.com
                                                   515 South Flower Street, 25th Floor
25                                                 Los Angeles, California 90071
                                                   Telephone: (213) 683-6000
26                                                 Facsimile: (213) 627-0705

27                                                 Adam Levin (156773)
28                                                 axl@msk.com

1
2
3
4
5
6
7

Jeremy Mittman (248854)
j2m@msk.com
Jean Pierre Nogues (84445)
jpn@msk.com
2049 Century Park E., 18th Floor
Los Angeles, CA 90067
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff/Counterclaim-
Defendant
UNITED TALENT AGENCY, LLC

8   DATED:  April 1, 2020                    KENDALL BRILL & KELLY LLP

9

10                                By: */s/ Richard B. Kendall*
                                       Richard B. Kendall (90072)
11                                     rkendall@kbkfirm.com
                                       Patrick J. Somers (318766)
12                                     psomers@kbkfirm.com
                                       Nicholas F. Daum (236155)
13                                     ndaum@kbkfirm.com
                                       Sarah E. Moses (291491)
14                                     smoses@kbkfirm.com
                                       10100 Santa Monica Blvd., Suite 1725
15                                     Los Angeles, California 90067
                                       Telephone: 310.556.2700
16                                     Facsimile: 310.556.2705

17                                     Attorneys for Plaintiff /Counterclaim-
                                       Defendant
18                                     CREATIVE ARTISTS AGENCY, LLC

19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Jeffrey L. Kessler, attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing content and have authorized this filing.


By: /s/ *Jeffrey L. Kessler*

12

MEMORANDUM OF POINTS AND AUTHORITIES ISO PLAINTIFFS' MOTION FOR LIMITED STAY OF DISCOVERY – CASE NO. 2:19-CV-05465-AB-AFM