NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT
See paragraph added at end of Section VIII.

1
2
3
4
5
6
7
8
9
10            UNITED STATES DISTRICT COURT
11          CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13 WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, *et al.*,<br>14<br>15 Plaintiffs and Counterclaim-Defendants,<br>16      v.<br>17 WRITERS GUILD OF AMERICA, WEST, INC., *et al.*,<br>18 Defendants and Counterclaimants,<br>19 and PATRICIA CARR, *et al.*,<br>20 Counterclaimants. | CASE NO. 2:19-cv-05465-AB-AFM<br><br>**[~~REVISED PROPOSED~~] PROTECTIVE ORDER SUBMITTED PURSUANT TO COURT'S ORDER, ECF NO. 125** |

21
22
23
24
25
26
27
28

Mitchell Silberberg & Knupp LLP

The Court having reviewed Plaintiffs and Counterclaim-Defendants' United Talent Agency, LLC, Creative Artist Agency, LLC, and William Morris Endeavor Entertainment, LLC's Motion for Entry of Protective Order in the above-titled action, and good cause appearing, IT IS HEREBY ORDERED as follows:

## I.    A.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Additionally, because several parties in this case either (i) are direct industry competitors; (ii) are direct negotiating adversaries in the dispute giving rise to the subject matter of this lawsuit; (iii) directly negotiate with direct industry non-party competitors of parties to this lawsuit; or (iv) directly negotiate with direct industry non-party entities who contract with parties to this lawsuit, discovery is likely to yield material that stands to cause substantial economic harm to producing parties or to non-parties if disclosed beyond the limitations set forth here.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### A.    GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, client lists and other valuable commercial, financial, and/or proprietary information for which special protection from public, and, in some cases, inter-party, disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential

1 business or financial information, information regarding confidential business

2 practices, or other confidential information (including information implicating

3 privacy rights of third parties), information otherwise generally unavailable to the

4 public, or which may be privileged or otherwise protected from disclosure under

5 state or federal statutes, court rules, case decisions, or common law.

6      Accordingly, to expedite the flow of information, to facilitate the prompt

7 resolution of disputes over confidentiality of discovery materials, to adequately

8 protect information the parties are entitled to keep confidential, to ensure that the

9 parties are permitted reasonable necessary uses of such material in preparation for

10 and in the conduct of trial, to address their handling at the end of the litigation, and

11 serve the ends of justice, a protective order for such information is justified in this

12 matter. It is the intent of the parties that information will not be designated as

13 confidential or for attorneys' eyes only or for outside counsel's eyes only for

14 tactical reasons and that nothing be so designated without a good faith belief that it

15 has been maintained in a confidential, non-public manner, and there is good cause

16 why it should not be part of the public record of this case.

17     **B.**   **<u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING</u>**

18               **<u>UNDER SEAL</u>**

19      The parties further acknowledge, as set forth in Section 12.3, below, that this

20 Stipulated Protective Order does not entitle them to file confidential information

21 under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

22 and the standards that will be applied when a party seeks permission from the court

23 to file material under seal.

24      There is a strong presumption that the public has a right of access to judicial

25 proceedings and records in civil cases. In connection with non-dispositive motions,

26 good cause must be shown to support a filing under seal. *See Kamakana v. City*

27 *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*

28 *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

1 | *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective
2 | orders require good cause showing), and a specific showing of good cause or
3 | compelling reasons with proper evidentiary support and legal justification, must be
4 | made with respect to Protected Material that a party seeks to file under seal.  The
5 | parties' mere designation of Disclosure or Discovery Material as
6 | CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL'S
7 | EYES ONLY does not—without the submission of competent evidence by
8 | declaration, establishing that the material sought to be filed under seal qualifies as
9 | confidential, privileged, for  attorneys' eyes only, for  outside counsel's eyes only,
10 | or otherwise protectable—constitute good cause.

11 |       Further, if a party requests sealing related to a dispositive motion or trial,
12 | then compelling reasons, not only good cause, for the sealing must be shown, and
13 | the relief sought shall be narrowly tailored to serve the specific interest to be
14 | protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir.
15 | 2010). For each item or type of information, document, or thing sought to be filed
16 | or introduced under seal in connection with a dispositive motion or trial, the party
17 | seeking protection must articulate compelling reasons, supported by specific facts
18 | and legal justification, for the requested sealing order. Again, competent evidence
19 | supporting the application to file documents under seal must be provided by
20 | declaration.

21 |       Any document that is not confidential, privileged, for attorneys' eyes only,
22 | for outside counsel's eyes only, or otherwise protectable in its entirety will not be
23 | filed under seal if the confidential portions can be redacted. If documents can be
24 | redacted, then a redacted version for public viewing, omitting only the
25 | confidential, privileged, for attorneys' eyes only, for outside counsel's eyes only,
26 | or otherwise protectable portions of the document, shall be filed. Any application
27 | that seeks to file documents under seal in their entirety should include an
28 | explanation of why redaction is not feasible.

**[REVISED PROPOSED] PROTECTIVE ORDER**

## II.    DEFINITIONS

**A.    "Action"**: *William Morris Endeavor Entertainment, LLC, et al. v. Writers Guild of America, West, Inc. et al.*, 2:19-cv-05465-AB-AFM (C.D. Cal.).

**B.    "Agencies":** the Plaintiffs and Counterclaim Defendants.

**C.    "Attorneys' Eyes Only" or "AEO" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify as "Confidential Information" as defined below and whose disclosure additionally meets criteria set forth *infra*.

**D.    "Outside Counsel's Eyes Only" or "OCEO" Information or Items**:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify as "Confidential Information" as defined below and whose disclosure additionally meets criteria set forth *infra*.

**E.    "Challenging Party"**: a Party or Non-Party that challenges the designation of information or items under this Order.

**F.    "CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**G.    "Counsel"**: Outside Counsel of Record and House Counsel (as well as their support staff).

**H.    [DELETED]**

**I.    "Designating Party"**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" and/or "AEO" and/or "OCEO."

**J.    "Disclosure or Discovery Material"**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and

tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**K.** **"Expert"**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action. Expert is further deemed to include all employees of Expert's firm who are assisting the Expert in this Action.

**L.** **"Guilds":** Writers Guild of America, West and Writers Guild of America, East.

**M.** **"House Counsel**: attorneys who are employees of a party to this Action or who serve (or have served) as General Counsel to a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel, so long as such counsel has not, or does not, serve as General Counsel to a party to this Action.

**N.** **"Non-Party"**: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**O.** **"Outside Counsel of Record"**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff with the exception of anyone who qualifies as House Counsel.

**P.** **"Party"**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**Q.** **"Producing Party"**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**R.** **"Professional Vendors"**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**S.** **"Protected Material"**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and/or "AEO" and/or "OCEO."

**T.** **"Receiving Party"**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III. DEFINITION OF AEO INFORMATION AND OCEO INFORMATION**

**AEO Information.** AEO Information is information (regardless of how it is generated, stored or maintained) or tangible things that qualify as "Confidential Information" as defined above and whose disclosure to anyone other than Counsel has a <u>substantial possibility</u> of compromising and/or jeopardizing any of the following:  (i) the Producing Party's competitive business interests; (ii) Producing Party's negotiating position or ability to formulate and implement a future negotiation strategy with respect to any of the Receiving Parties in this case, any non-party competitors, or any non-party Studios; or (iii) the competitive or privacy interests of the clients or members of any Party in this case.

For the avoidance of doubt, any information designated as AEO must meet the threshold "substantial possibility" standard above.

**OCEO Information.** OCEO Information is information (regardless of how it is generated, stored or maintained) or tangible things that qualify as "Confidential Information" as defined above and which is <u>particularly sensitive</u> and whose disclosure to anyone other than Outside Counsel is <u>highly likely</u> to compromise and/or jeopardize any of the following:  (i) the Producing Party's competitive business interests; (ii) the Producing Party's negotiating position or ability to formulate and implement a future negotiation strategy with respect to any

**[REVISED PROPOSED] PROTECTIVE ORDER**

of the Receiving Parties in this case, any non-party competitors, or any non-party Studios; or (iii) the competitive or privacy interests of the clients or members of any Party in this case..

For the avoidance of doubt, any information designated as OCEO must meet the threshold "high likelihood" standard above.

In addition, as to the Agencies, and subject to the threshold "high likelihood" standard, the material to be designated as OCEO may include but is not limited to the categories below.  For the avoidance of doubt, by enumerating the categories below, the Agencies do not take the position that each document that falls within one of the categories below would warrant an OCEO designation:

1. Documents reflecting an Agency's negotiating strategy or positions with respect to the Guilds in the subject matter of this lawsuit;

2. Business or proprietary information that is not publicly known and that, if disclosed to anyone other than Outside Counsel, would either confer a competitive advantage or cause substantial harm to an Agency's clients.

3. **Catchall Provision:**  Should any Agency seek to classify as OCEO greater than 25 documents that do not fit in the categories above, the Agency will notify the Guilds at least 1 week in advance of production with a good-faith description of the nature of the documents and the basis for OCEO designation.

In addition, as to the Guilds, and subject to the threshold "high likelihood" standard, the material to be designated as OCEO may include but is not limited to:

1. Documents reflecting a Guild's negotiating strategy or positions with respect to the Agencies in the subject matter of this lawsuit;

2. **Catchall Provision:**  Should a Guild seek to classify as OCEO greater than 25 documents that do not fit in the categories above, to the extent practicable, the Guild will notify the Agencies at least 1 week in

**[REVISED PROPOSED] PROTECTIVE ORDER**

1    advance of production with a good-faith description of the nature of

2    the documents and the basis for OCEO designation.

3  **IV.    SCOPE**

4        The protections conferred by this Stipulation and Order cover not only

5  Protected Material (as defined above), but also (1) any information copied or

6  extracted from Protected Material; (2) all copies, excerpts, summaries, or

7  compilations of Protected Material; and (3) any testimony, conversations, or

8  presentations by Parties or their Counsel that might reveal Protected Material.

9        Any use of Protected Material at trial shall be governed by the orders of the

10  trial judge.  This Order does not govern the use of Protected Material at trial.

11  **V.    DURATION**

12        Even after final disposition of this litigation, the confidentiality and non-

13  disclosure obligations imposed by this Order shall remain in effect until a

14  Designating Party agrees otherwise in writing or a court order otherwise directs.

15  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

16  defenses in this Action, with or without prejudice; and (2) final judgment herein

17  after the completion and exhaustion of all appeals, rehearings, remands, trials, or

18  reviews of this Action, including the time limits for filing any motions or

19  applications for extension of time pursuant to applicable law.

20  **VI.    DESIGNATING PROTECTED MATERIAL**

21        **A.    Exercise of Restraint and Care in Designating Material for**

22  **Protection**.  Each Party or Non-Party that designates information or items

23  for protection under this Order must take care to limit any such designation

24  to specific material that qualifies under the appropriate standards. The

25  Designating Party must designate for protection only those parts of material,

26  documents, items or oral or written communications that qualify so that

27  other portions of the material, documents, items or communications for

28

1    which protection is not warranted are not swept unjustifiably within the

2    ambit of this Order.

3          Mass, indiscriminate or routinized designations are prohibited. Designations

4    that are shown to be clearly unjustified or that have been made for an improper

5    purpose (e.g., to unnecessarily encumber the case development process or to

6    impose unnecessary expenses and burdens on other parties) may expose the

7    Designating Party to sanctions.  The Parties further agree to the redaction protocol

8    set forth *infra*.

9          If it comes to a Designating Party's attention that information or items that it

10   designated for protection do not qualify for protection, that Designating Party must

11   promptly notify all other Parties that it is withdrawing the inapplicable designation.

12         **B.      Manner and Timing of Designations**. Except as otherwise

13   provided in this Order (see, e.g., second paragraph of section 5.2(a) below),

14   or as otherwise stipulated or ordered, Disclosure or Discovery Material that

15   qualifies for protection under this Order must be clearly so designated before

16   the material is disclosed or produced.

17         Designation in conformity with this Order requires:

18               1.      for information in documentary form (e.g., paper or

19   electronic documents, including written discovery responses such as

20   interrogatory responses or requests for admissions, but excluding transcripts

21   of depositions or other pretrial or trial proceedings), that the Producing Party

22   affix at a minimum, the legend "CONFIDENTIAL" and/or "AEO" and/or

23   "OCEO" (hereinafter "CONFIDENTIAL legend" and "AEO Legend" and

24   "OCEO Legend"), to each page that contains protected material. If only a

25   portion of the material on a page qualifies for protection, the Producing

26   Party also must clearly identify the protected portion(s) (e.g., by making

27   appropriate markings in the margins).

28

**[REVISED PROPOSED] PROTECTIVE ORDER**

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" and/or "AEO" and/or "OCEO" as necessary. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" and/or the "AEO Legend" and/or the "OCEO Legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

2.      for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record or in writing, before the end of the applicable time period for the deponent to review the transcript and make any changes.  Before the close of a deposition, a Party may provisionally designate particular Disclosure or Discovery Material CONFIDENTIAL and/or AEO and/or OCEO, and the Disclosure or Discovery Material shall provisionally be so deemed, pending the Designating Party's review of the deposition transcript within any applicable time period for review.

3.      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" and/or "AEO" and/or "OCEO." If only a portion or portions of the information warrants

1  protection, the Producing Party, to the extent practicable, shall identify the

2  protected portion(s).

3       **C.     Inadvertent Failures to Designate**.  If timely corrected, an

4  inadvertent failure to designate qualified information or items does not,

5  standing alone, waive the Designating Party's right to secure protection

6  under this Order for such material.  Any correction and notice of such

7  correction shall be made in writing, accompanied by substitute copies of

8  each item of Disclosure or Discovery Material, appropriately designated.

9  Upon timely correction of a designation, the Receiving Party must make

10  reasonable efforts to assure that the material is treated in accordance with the

11  provisions of this Order.

12  **VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13       **A.     Timing of Challenges**. Any Party may challenge a designation

14  of confidentiality or AEO or OCEO at any time that is consistent with the

15  Court's Scheduling Order.

16       **B.     Meet and Confer**. The Challenging Party shall initiate the

17  dispute resolution process under Local Rule 37-1 et seq.

18       **C.     Joint Stipulation**. Any challenge submitted to the Court shall

19  be via a joint stipulation pursuant to Local Rule 37-2.

20       **D.**     The burden of persuasion in any such challenge proceeding

21  shall be on the Designating Party. Frivolous challenges, and those made for

22  an improper purpose (e.g., to harass or impose unnecessary expenses and

23  burdens on other parties) may expose the Challenging Party to sanctions.

24  Unless the Designating Party has waived or withdrawn the confidentiality or

25  AEO or OCEO designation, all parties shall continue to afford the material

26  in question the level of protection to which it is entitled under the Producing

27  Party's designation until the Court rules on the challenge.

28

**VIII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

> **A.    Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

> Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

> **B.    Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

> > 1.    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

> > 2.    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

> > 3.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

> > 4.    the court and its personnel;

> > 5.    court reporters and their staff;

> > 6.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

1  Action and who have signed the "Acknowledgment and Agreement to Be

2  Bound" (Exhibit A);

3          7.      the author or recipient of a document containing the

4  information or a custodian or other person who otherwise possessed or knew

5  the information;

6          8.      during their depositions, witnesses, and attorneys for

7  witnesses, in the Action to whom disclosure is reasonably necessary

8  provided: (1) the deposing party requests that the witness sign the form

9  attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any

10  confidential or AEO or OCEO information unless they sign the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

12  otherwise agreed by the Designating Party or ordered by the court. Pages of

13  transcribed deposition testimony or exhibits to depositions that reveal

14  Protected Material may be separately bound by the court reporter and may

15  not be disclosed to anyone except as permitted under this Stipulated

16  Protective Order; and

17          9.      any mediator or settlement officer, and their supporting

18  personnel, mutually agreed upon by any of the parties engaged in settlement

19  discussions.

20      **C.      Disclosure of "AEO" Information or Items**. Unless otherwise

21  ordered by the court or permitted in writing by the Designating Party, a

22  Receiving Party shall treat AEO Information or Items as CONFIDENTIAL

23  Information or Items subject to the restrictions set forth in Paragraph 8.2.

24  Receiving Agency (through its Outside Counsel of Record ONLY) may

25  disclose any information or item designated "AEO" only to:

26          1.      the Receiving Party's Outside Counsel of Record in this

27  Action, as well as employees of said Outside Counsel of Record to whom it

28  is reasonably necessary to disclose the information for this Action;

2.      the Receiving Party's House Counsel to whom disclosure is reasonably necessary for this Action;

3.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.      the court and its personnel;

5.      court reporters and their staff;

6.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

8.      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is necessary provided: (1) the deposing party informs the Designating Party that the AEO Information or Items will be disclosed to the witness, and the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) witnesses, and attorneys for witnesses, will not be permitted to keep any confidential or AEO or OCEO information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

9.      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**D.      Disclosure of "OCEO" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party (through its Outside Counsel of Record only) may disclose any information or item designated "OCEO" only to:

1.      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3.      the court and its personnel;

4.      court reporters and their staff;

5.      professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

7.      during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is necessary provided: (1) the deposing party informs the Designating Party that the OCEO Information or Items will be disclosed to the witness, and the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential, AEO or OCEO information unless

16

they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),
unless otherwise agreed by the Designating Party or ordered by the court.
Pages of transcribed deposition testimony or exhibits to depositions that
reveal Protected Material may be separately bound by the court reporter and
may not be disclosed to anyone except as permitted under this Stipulated
Protective Order; and

8.      any mediator or settlement officer, and their supporting
personnel, mutually agreed upon by any of the parties engaged in settlement
discussions.

Provided, however, that notwithstanding any language or provision in this
Protective Order, the Court has not yet resolved the issue whether Anthony Segal
and Ann Burdick can have access to OCEO documents, information or items.  That
issue may be addressed by the Court in the future as set out in the Court's June 24,
2020 order (ECF No. 125). Until that issue is resolved either by agreement
between the parties or by further order of the Court, Mr. Segal and Ms. Burdick
shall not have access to OCEO documents, information or items produced by
Plaintiffs.

## IX.    PROCEDURES REGARDING PRODUCTION OF REDACTED VERSIONS OF PROTECTED MATERIAL

**Personally Identifiable Information ("PII").**  The Parties are permitted to
redact personally identifiable information from any document produced.  PII
includes, but is not limited to, Social Security numbers, driver's license numbers,
bank account numbers, passport numbers, phone numbers, email addresses, and
other highly sensitive personal information.

**Procedure Regarding Production of Alternate Versions of AEO/OCEO
Material.**  Following production of Protected Material, and at the request of the

1  Receiving Party, the Parties agree to meet and confer in good faith to determine if

2  the Producing Party shall produce additional versions of the Protected Material

3  with AEO or OCEO portions redacted, so as to facilitate review of the nonredacted

4  portions by (as appropriate) additional personnel of the Receiving Party otherwise

5  not permitted to review such material under the AEO or OCEO restrictions set

6  forth above.

7        In requesting production of redacted versions, mass, indiscriminate or

8  routinized requests are prohibited. Frivolous requests that are shown to be clearly

9  unjustified or that have been made for an improper purpose (e.g., to unnecessarily

10  encumber the case development process or to impose unnecessary expenses and

11  burdens on other parties) may expose the requesting Party to sanctions.

12  **X.     PROTECTED MATERIAL SUBPOENAED OR ORDERED**

13  **        PRODUCED IN OTHER LITIGATION**

14        If a Party is served with a subpoena or a court order issued in other litigation

15  that compels disclosure of any information or items designated in this Action as

16  "CONFIDENTIAL" and/or "AEO" and/or "OCEO," that Party must:

17              1.      promptly notify in writing the Designating Party. Such

18  notification shall include a copy of the subpoena or court order;

19              2.      promptly notify in writing the party who caused the

20  subpoena or order to issue in the other litigation that some or all of the

21  material covered by the subpoena or order is subject to this Protective Order.

22  Such notification shall include a copy of this Stipulated Protective Order;

23  and

24              3.      cooperate with respect to all reasonable procedures

25  sought to be pursued by the Designating Party whose Protected Material

26  may be affected.

27        If the Designating Party timely seeks a protective order, the Party served

28  with the subpoena or court order shall not produce any information designated in

18

1  this action as "CONFIDENTIAL" and/or "AEO" and/or "OCEO" before a

2  determination by the court from which the subpoena or order issued, unless the

3  Party has obtained the Designating Party's permission. The Designating Party shall

4  bear the burden and expense of seeking protection in that court of its confidential

5  material and nothing in these provisions should be construed as authorizing or

6  encouraging a Receiving Party in this Action to disobey a lawful directive from

7  another court.

8  **XI.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

9         **PRODUCED IN THIS LITIGATION**

10       1.    The terms of this Order are applicable to information

11  produced by a Non-Party in this Action and designated as

12  "CONFIDENTIAL" and/or "AEO" and/or "OCEO." Such information

13  produced by Non-Parties in connection with this litigation is protected by the

14  remedies and relief provided by this Order. Nothing in these provisions

15  should be construed as prohibiting a Non-Party from seeking additional

16  protections.

17       2.    In the event that a Party is required, by a valid discovery

18  request, to produce a Non-Party's confidential information in its possession,

19  and the Party is subject to an agreement with the Non-Party not to produce

20  the Non-Party's confidential information, then the Party shall:

21           a.    promptly notify in writing the Requesting Party

22  and the Non-Party that some or all of the information requested is subject to

23  a confidentiality agreement with a Non-Party;

24           b.    promptly provide the Non-Party with a copy of the

25  Stipulated Protective Order in this Action, the relevant discovery request(s),

26  and a reasonably specific description of the information requested; and

27           c.    make the information requested available for

28  inspection by the Non-Party, if requested.

3.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XIII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence

502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## XIV.  MISCELLANEOUS

**A.     Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**B.     Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**C.     Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## XV.  FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if

not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**XVI.  VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 6/26/2020

HON. ALEXANDER F. MacKINNON

United States Magistrate Judge

**[REVISED PROPOSED] PROTECTIVE ORDER**

1   <u>**EXHIBIT A**</u>

2   <u>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**</u>

3   I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its

5   entirety and understand the Stipulated Protective Order that was issued by the

6   United States District Court for the Central District of California on [date] in the

7   case of _____ **[insert formal name of the case and the number and**

8   **initials assigned to it by the court]**.  I agree to comply with and to be bound by all

9   the terms of this Stipulated Protective Order and I understand and acknowledge

10  that failure to so comply could expose me to sanctions and punishment in the

11  nature of contempt.  I solemnly promise that I will not disclose in any manner any

12  information or item that is subject to this Stipulated Protective Order to any person

13  or entity except in strict compliance with the provisions of this Order.  I further

14  agree to submit to the jurisdiction of the United States District Court for the

15  Central District of California for enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this action.

17  I hereby appoint _____ [print or type full name] of

18  _____ [print or type full address and telephone number]

19  as my California agent for service of process in connection with this action or any

20  proceedings related to enforcement of this Stipulated Protective Order.

21  Date: _____

22

23  City and State where sworn and signed: _____

24

25  Printed name: _____

26

27  Signature: _____

28

**[REVISED PROPOSED] PROTECTIVE ORDER**