Stephen P. Berzon (SBN 46540)
sberzon@altber.com
Stacey Leyton (SBN 203827)
sleyton@altber.com
P. Casey Pitts (SBN 262463)
cpitts@altber.com
Rebecca C. Lee (SBN 305119)
rlee@altber.com
Andrew Kushner (SBN 316035)
akushner@altber.com
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

Anthony R. Segall (SBN 101340)
asegall@rsglabor.com
Juhyung Harold Lee (SBN 315738)
hlee@rsglabor.com
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

Ethan E. Litwin (*pro hac vice*)
elitwin@constantinecannon.com
W. Stephen Cannon (*pro hac vice*)
scannon@constantinecannon.com
CONSTANTINE CANNON LLP
335 Madison Avenue, 9th Floor
New York, New York 10017
Telephone: (212) 350-2700
Facsimile: (212) 350-2701

Ann M. Burdick (*pro hac vice*)
aburdick@wgaeast.org
Writers Guild of America, East, Inc.
250 Hudson Street, Suite 700
New York, New York 10013
Telephone: (212) 767-7800
Facsimile: (212) 582-1909

*Attorney for Defendant and Counterclaimant Writers Guild of America, East, Inc.*

*Attorneys for Defendants-Counterclaimants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC, *et al.*, <br><br>Plaintiffs and Counterclaim Defendants, <br><br>v. <br><br>WRITERS GUILD OF AMERICA, WEST, INC., *et al.*, <br><br>Defendants and Counterclaimants, <br><br>and PATRICIA CARR, *et al.* <br><br>Counterclaimants | Case No. 2:19-cv-05465-AB-AFM <br><br>**DEFENDANTS AND COUNTERCLAIMANTS' RESPONSE TO PLAINTIFFS AND COUNTERCLAIM-DEFENDANTS' NOTICE OF RELEVANT AUTHORITY** |

1  In their "Notice of Relevant Authority," Dkt. 132, the Agencies again wrongly argue that *Conference of Studio Unions v. Loew's Inc.*, 193 F.2d 51 (9th Cir. 1951), applied a "target area" test for antitrust standing that is applicable to claims made pursuant to California's Cartwright Act.  As we argued, it does not.

*First*, there is no dispute that *Loew's* does not set forth the "target area" test under *California* law, which was set forth in *Cellular Plus, Inc. v. Superior Court*, 14 Cal. App. 4th 1224, 1233–34 (Cal. Ct. App. 4th 1993), and which was discussed at length during oral argument and in our briefing.  The claim in *Loew's*—like the claim in the Agencies' new "relevant authority," *Solinger v. A&M Records, Inc.*, 586 F.2d 1304 (9th Cir. 1978)—was brought under the federal Clayton Act, not California's Cartwright Act.

*Second*, and contrary to the Agencies' assertion in their letter and at oral argument, the *federal* target area test was first articulated four years after *Loew's*, in broader terms, by *Karseal Corp. v. Richfield Oil Corp.*, 221 F.2d 358 (9th Cir. 1955).  See *Twentieth Century Fox Film Corp. v. Goldwyn*, 328 F.2d 190, 220 (9th Cir. 1964) (citing *Karseal* as defining the "target area" as "the area which it could reasonably be foreseen would be affected by the antitrust violation").  Although some decisions like *Solinger* observe that the federal "target area" test had its origin in the observation in *Loew's* that a federal antitrust plaintiff must demonstrate that "he is within the area of the economy endangered by the competitive breakdown in a particular industry," 193 F.2d at 55, the last court in this Circuit to cite to *Loew's* cited it as support for the federal antitrust "direct injury"/market participant test set forth in *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519 (1983).  See *Sacramento Valley Chapter of Nat. Elec. Contractors Ass'n* v. *International Brotherhood of Elec. Workers*, 632 F. Supp. 1403, 1411 (E.D. Cal. 1986).  As we explained both during oral argument and in our briefing, and as this Court has already ruled, that

test does not apply to assess standing under the Cartwright Act.

*Third*, and finally, as the Court noted at oral argument, the Cartwright Act provides that lawsuits may be brought by "[a]ny person who is injured in his or her business or property by reason of" a violation of the Act. Cal. Bus. & Prof. Code §16750(a). This language can be reconciled with *Cellular Plus*'s "target area" inquiry if the latter is understood as involving not "standing" but proximate causation (which is an inquiry generally not resolvable on the pleadings).

Respectfully submitted,

DATED: July 15, 2020

Stephen P. Berzon
Stacey Leyton
P. Casey Pitts
Rebecca C. Lee
Andrew Kushner
ALTSHULER BERZON LLP

Anthony R. Segall
Juhyung Harold Lee
ROTHNER, SEGALL & GREENSTONE

Ethan E. Litwin
W. Stephen Cannon
CONSTANTINE CANNON LLP

*/s/P. Casey Pitts*
P. Casey Pitts

*Attorneys for Defendants and Counterclaimants*

DATED: July 15, 2020

Ann M. Burdick (pro hac vice)
aburdick@wgaeast.org
Writers Guild of America, East, Inc. 250 Hudson Street, Suite 700
New York, New York 10013
Telephone: (212) 767-7800
Facsimile: (212) 582-1909

*/s/Ann M. Burdick*
Ann M. Burdick

*Attorney for Defendant and Counterclaimant Writers Guild of America, East, Inc.*

2

DEFENDANTS' RESPONSE TO NOTICE OF RELEVANT AUTHORITY; Case No. 2:19-cv-05465-AB-AFM