KENDALL BRILL & KELLY LLP
Richard B. Kendall (90072)
 *rkendall@kbkfirm.com*
Patrick J. Somers (318766)
 *psomers@kbkfirm.com*
Nicholas F. Daum (236155)
 *ndaum@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile:  310.556.2705

Attorneys for Creative Artists Agency, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WILLIAM MORRIS ENDEAVOR ENTERTAINMENT, LLC; CREATIVE ARTISTS AGENCY, LLC; and UNITED TALENT AGENCY, LLC,<br><br>  Plaintiffs and<br>  Counterclaim-Defendants<br><br> v.<br><br>WRITERS GUILD OF AMERICA, WEST, INC.; and WRITERS GUILD OF AMERICA EAST, INC.,<br><br>  Defendants and<br>  Counterclaimants<br><br>and PATRICIA CARR; ASHLEY GABLE; BARBARA HALL; DERIC A. HUGHES; DEIRDRE MANGAN; DAVID SIMON; and MEREDITH STIEHM,<br><br>  Counterclaimants. | Case No. 2:19-cv-05465-AB (AFMx)<br><br>[Consolidated Case Nos.<br>2:19-cv-05465-AB (AFMx)<br>2:19-cv-05701-AB (AFM); and<br>2:19-cv-05585-AB (AFM)]<br><br>**CAA'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>*Filed concurrently with Notice of Motion and Motion for Preliminary Injunction, supporting Declarations, and [Proposed] Order*<br><br>Judge:  Hon. André Birotte, Jr.<br>Date:  December 18, 2020<br>Time:  10:00 a.m.<br>Courtroom:  7B<br><br>Complaint Filed:  July 1, 2019 |

Kendall Brill & Kelly LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

CAA'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION

**TO DEFENDANTS AND COUNTERCLAIMANTS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 18, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 7B of this Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff and Counterclaim-Defendant Creative Artists Agency, LLC ("CAA") will and hereby does move this Court for a Preliminary Injunction restraining Defendants and Counterclaimants Writers Guild of America, West, Inc. ("WGAW") and Writers Guild of America, East, Inc. ("WGAE," collectively with WGAW, the "Guilds" or "WGA"), and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or privity with any of them, from perpetuating a group boycott under which the Guilds' members are instructed by the Guilds to refrain from hiring agents from CAA as their talent agents.

The Preliminary Injunction should be granted because:

(a) The Guilds have now agreed to certain terms and conditions for "franchising" with almost every major talent agency except CAA, *i.e.*, permitting their membership to use talent agents from those agencies;

(b) CAA has agreed to the same terms and conditions that the Guilds have agreed to with other talent agencies, except that CAA has taken steps to be even ***more*** protective of the Guilds' asserted conflict-of-interest concerns than other talent agencies;

(c) Nonetheless, the Guilds have refused to "franchise" CAA and have instructed their membership to continue a group boycott directed at CAA, in an effort not directed at a legitimate union concern with a conflict of interest, but rather an illegitimate attempt to seize "power" unrelated to legitimate conflict-of-interest concerns;

(d) On these facts, the Guilds' group boycott is a combination that clearly violates the antitrust laws (Section 1 of the Sherman Act), and as to which CAA has

suffered antitrust injury, unless either the "statutory" or "non-statutory" exemptions to the antitrust laws applies;

(e) The "statutory" exemption does not apply because, by definition, the Guilds are acting outside of their legitimate labor-union ability to regulate agency conflicts of interests or concerns affecting writers' wages—since CAA has agreed to the Guilds' conflict-of-interest terms, but the Guilds still refuse to franchise CAA;

(f) The statutory exemption also does not apply because the Guilds have combined with non-labor parties, specifically "showrunners" acting as producers and non-licensed talent managers;

(g) The "non-statutory" exemption does not apply because the group boycott affects parties far beyond merely the Guilds and CAA, and also because the group boycott does not merely regulate wages, hours, or conditions of employment (since, among other reasons, CAA has agreed to the Guilds' terms regarding conflicts of interest, wages, hours, and employment, yet the Guilds persist in their boycott);

(h) As a result of the Guilds' successful ongoing group boycott and the Guilds' enlistment of other talent agencies and unlicensed managers into the boycott, CAA is suffering immediate, severe, and irreparable injury. CAA's writer-clients have indicated that they will leave CAA and join other agencies or unlicensed managers if the boycott continues, merely so that they can obtain talent-agency representation. CAA agents have been recruited to become unlicensed managers due to the Guilds' actions. The result is a loss of ongoing client and employment relationships that can never be restored following trial, unless this Court acts now.

CAA seeks a preliminary injunction that would do the following, pending trial:

(i) enjoin the Guilds and all of their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with them from continuing the group boycott through which they have instructed all Guild members not to be represented by CAA;

(ii) enjoin the Guilds and their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with them from enforcing, or causing to be enforced, Working Rule 23 of WGA's Code of Working Rules, which states "[n]o writer shall enter into a representation agreement whether oral or written, with any agent who has not entered into an agreement with the Guild covering minimum terms and conditions between agents and their writer clients," against any Guild member who has chosen or chooses to engage CAA as a talent agent;

(iii) enjoin the Guilds and all of their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with them from utilizing or threatening any form of union sanctions or discipline against any Guild member for engaging CAA as a talent agent.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the Motion, the Declarations filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling. No bond should be required on the preliminary injunction.

DATED: November 17, 2020        KENDALL BRILL & KELLY LLP

By:     /s/ Richard B. Kendall
Richard B. Kendall (90072)
rkendall@kbkfirm.com
Patrick J. Somers (318766)
psomers@kbkfirm.com
Nicholas F. Daum (236155)
ndaum@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: 310.556.2700
Facsimile: 310.556.2705

Attorneys for Creative Artists Agency, LLC